IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-03119-RBJ-MJW

ALI O. DAFIAH, and
MEBRAT E. AYELE,

Plaintiff(s),

v.

GUARDSMARK, LLC, and
T-MOBILE USA, INC.,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Joint Motion by Defendants for Leave to Endorse an Expert Witness Beyond the Due Date and Local Rule 7.1 Certification (docket no. 46) is DENIED for the following reasons.

That "[p]rior to the expiration of a Scheduling Order deadline, a party is required to move for extension of time supported by a statement of good cause." Maddox v. Venezio, 09-cv-01000-WYD-MEH, 2010 WL 2363555, *1 (D. Colo. June 10, 2010). See Fed. R. Civ. P. 16(b)(4). "The 'good cause' standard requires the moving party to show that despite his diligent efforts, he could not have reasonably met the scheduled deadline." Maddox, 2010 WL 2363555, *1 (citing Pumpco, Inc. v. Schenker Intern., Inc., 204 F.R.D. 667, 668 (D. Colo. 2001)). See Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension");

That "[i]f a party discovers that it needs an extension of time *after* a deadline has expired, any extension must be supported by a statement of excusable neglect." Maddox, 2010 WL 2363555, *1 (citing Fed. R. Civ. P. 6(b)(1)(B)). To determine whether the neglect is "excusable", the Tenth Circuit has stated,

[T]he court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Stringfellow v. Brown, 1997 WL 8856, *1 (10th Cir.

1997)(quoting <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.</u>, 507 U.S. 380, 395 (1993)).

In this case, this court has previously allowed two extensions of time to endorse experts. See docket nos. 36 and 41. Defendants have had since April 19, 2011, when this court entered the Rule 16 Scheduling Order to depose Plaintiff Ayele. This court is aware that discovery was stayed for a period of time to allow the parties to try and resolve this case with former U.S. Magistrate Judge Donald Abrams acting as a mediator. However, the settlement efforts ended on October 26, 2011, with no settlement.

Accordingly, I find that Defendants have had adequate time to endorse an expert witness by the dates set in docket no. 41. The current discovery cut off date is January 20, 2012, for all discovery except that this court extended the discovery cut off date to February 28, 2012, for the limited purpose of permitting Plaintiffs to take the Rule 30(b)(6) deposition of Defendant T-Mobile only. I do not find that Defendants have demonstrated good cause or excusable neglect to allow for a late endorsement of an expert.

Date:  February 6, 2012